**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

MARIANNE M. MILES,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-616-FHM

## OPINION AND ORDER

Plaintiff, Marianne M. Miles, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 12, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held September 23, 2009. By decision dated November 25, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 11, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 37 years old on the alleged date of onset of disability and 55 on the date of the ALJ's denial decision. She completed the 11th grade and has no past relevant work. She claims to have been unable to work since December 31, 1991 as a result of discoid lupus,[2] osteoarthritis of the right knee and post orthopedic injuries suffered in a remote motor vehicle accident, constant fatigue, and pain.

## The ALJ's Decision

The ALJ determined that Plaintiff had the residual functional capacity to perform the full range of sedentary work from December 31, 1991 through September 30, 2002. The ALJ applied the Medical-Vocational Guidelines, Rule 201.24 and 201.18 which directed a finding of not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

---

[2] Discoid lupus erythematosus is a chronic photosensitive dermatosis. Medscape Reference, http://emedicine.medscape.com/article/1065529-overview (last visited Jan. 2, 2013).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly apply the Medical-Vocational Guidelines (Grids) and failed to perform a proper credibility determination.

### **Analysis**

Plaintiff has sufficient quarters of coverage to remain insured through December 31, 1996 for a period of disability. She also applied for disabled widow's benefits. Under the rules applicable to that program, Plaintiff must establish disability before September 30, 2002. [R. 87-88, 89]. Therefore the time frame under consideration is from the alleged onset date of December 31, 1991 to September 30, 2002.

Plaintiff contends that the ALJ's credibility determination was faulty in that it consisted of a template of boilerplate statements that do not suffice as a proper credibility determination. Plaintiff also asserts that the ALJ did not adequately discuss the evidence bearing on the credibility decision.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).

The ALJ accurately summarized the medical record which disclosed that Plaintiff received intermittent treatment for a variety of complaints, had unremarkable radiographic studies and testing showed that she did not suffer from the more serious form of Lupus, System Lupus Erythematosus. [R. 92-93]. The ALJ did not, however, make any

3

meaningful attempt to relate any of evidence to his credibility determination. The court could draw its own conclusions about the credibility of Plaintiff's testimony that she had aches and pains all over her body and was fatigued to the point she needed help getting out of bed and was therefore unable to work throughout the entirety of the period from December 31, 1991 to September 30, 2002. To do so would be to usurp the function of the Commissioner by re-weighing the evidence, an action which the Commissioner points out is contrary to Tenth Circuit case law. [Dkt. 13, p. 7]. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

The court finds that the ALJ's failed to closely and affirmatively link his credibility findings to substantial evidence in the record. As a result, the decision must be reversed and the case remanded for the ALJ to explain his credibility determination as clearly required by the Commissioner's own regulations, rulings, and case law. *See* 20 C.F.R. § § 404.1529, 416.929, Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995). Since the case must be remanded for the ALJ's failure to provide any rationale for his credibility decision, no purpose would

be served in discussing the ALJ's application of the Grids because proper application of the Grids is dependent on the ALJ's credibility determination.

## Conclusion

The ALJ's decision is REVERSED and the case REMANDED for the ALJ to supply the required discussion of his credibility determination.

SO ORDERED this 8th day of January, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE